IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**WILLIAM SCOTT BAUMHOFER**,                    Civil Case No. 10-356-KI

             Plaintiff,

    vs.                                              OPINION AND ORDER

**MICHAEL J. ASTRUE**, Commissioner
of Social Security,

             Defendant.


      William Scott Baumhofer
      7583 S.W. 74th Avenue, #F1
      Portland, Oregon  97223

            Pro Se Plaintiff

      Dwight C. Holton
      United States Attorney
      District of Oregon

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

David R. Johnson
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

      Attorneys for Defendant

KING, Judge:

Plaintiff William Baumhofer brings this action pursuant to section 205(g) of the Social

Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

Commissioner denying plaintiff's application for the Medicare prescription drug (Part D) Low

Income Subsidy, also known as Extra Help.  As the Social Security Administration ("SSA")

explains:

> Anyone who has Medicare can get Medicare prescription drug coverage.
> Some people with limited resources and income also are eligible for Extra Help to
> pay for the costs–monthly premiums, annual deductibles, and prescription
> co-payments–related to a Medicare prescription drug plan.  The Extra Help is
> estimated to be worth about $4,000 per year.

http://www.ssa.gov/pubs/10525.html (last visited Mar. 22, 2011).  After reviewing the

record, I affirm the decision of the Commissioner.

## PROCEDURAL HISTORY

Baumhofer filed an application for Extra Help on October 3, 2008.  On November 3,

2008, the SSA sent a Notice of Denial stating that Baumhofer was not eligible for Extra Help

Page 2 - OPINION AND ORDER

because his countable resources exceeded the legal resource limit by $57,230.  Baumhofer asked

for a hearing and a Subsidy Determination Reviewer ("SDR") held one on February 26, 2009.

The SDR again denied Baumhofer's claim because his resources exceeded the legal limit.  After

Baumhofer appealed that decision in federal court, the SSA could not produce a transcript of the

hearing, due to computer problems.  Another SDR held a second hearing on January 6, 2010 and,

on January 27, 2010, found that Baumhofer was not eligible for Extra Help because his resources

exceeded the legal limit.  Baumhofer seeks review of the January 27, 2010 decision.

Baumhofer continued to file applications for Extra Help while working his way through

the appellate process.  On August 27, 2010, the SSA awarded Baumhofer a full subsidy based on

deeming by the Centers for Medicare and Medicaid Services ("CMS").  Being deemed eligible

based on certain nonfinancial criteria is an alternative method to receive assistance with

Medicare payments.

## LEGAL STANDARDS

The Commissioner's findings on any fact are conclusive if supported by substantial

evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a "mere scintilla" of the

evidence but less than a preponderance.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir.

2005).

## DISCUSSION

Some individuals, including individuals eligible for Medicaid as a Qualified Medicare

Beneficiary ("QMB"), are deemed eligible for a full Part D Extra Help subsidy.  42 C.F.R.

§ 423.773(c)(1)(iii).  The CMS administers Medicare Part D.  Id. § 418.3005.  The SSA's

Program Operations Manual System ("POMS") explains that CMS:  "[d]etermines if an

Page 3 - OPINION AND ORDER

individual is deemed eligible for the low-income subsidy based on monthly data from State

Medicaid agencies and SSA's records of SSI participation. . . . Deeming is a CMS activity; SSA

does not make these determinations and cannot address any appeals of deeming decisions."

POMS HI 03001.005C, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0603001005 (last

visited Mar. 23, 2011).

Although Baumhofer wanted the SDR to make the determination that he was deemed

eligible, the SSA does not have the authority to do so.  Consequently, the SDR did not err by

failing to consider that status.

The SDR did apply the SSA's eligibility rules for Extra Help.  Baumhofer met all of the

rules except for his financial resources.  The issue is whether the value of his IRAs counts as a

resource.  Baumhofer testified at his second hearing that he had several IRAs valued at less than

$50,000.  When he later sent copies of his statements to the SDR, the IRAs totaled $47,227.66.

"[R]esources are cash or other assets that an individual owns and could convert to cash to

be used for his or her support and maintenance."  Id. § 418.3401.  Only liquid resources are

counted, defined to be "cash, financial accounts, and other financial instruments that can be

converted to cash within 20 workdays."  Id. § 418.3405(a).  There is no evidence that

Baumhofer's IRAs were not liquid under this definition.

The SSA does not count a claimant's home as a resource.  The regulations define a home

to be "any property in which you (and your spouse, if any) have an ownership interest and which

serves as your principal place of residence."  Id. § 418.3425(a).  At the hearing, Baumhofer

contended that the IRAs represent his ability to make payments on a home and thus should not be

counted.  Obviously, the IRAs are not his principal place of residence.  The argument is

unpersuasive.  Consequently, the SDR correctly counted the IRAs, which put Baumhofer's

resources over the $11,010 limit.  The SDR's decision to deny Baumhofer's application for Extra

Help was a correct one.

## CONCLUSION

The findings of the Commissioner are based upon substantial evidence in the record and

the correct legal standards.  For these reasons, the court affirms the decision of the

Commissioner.

IT IS SO ORDERED.

Dated this _____23rd_____ day of March, 2011.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge